### P. C. TOMSON & CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### BRIGHAM v. SAME.
### Nos. 5705, 5706.

Circuit Court of Appeals, Third Circuit.

Oct. 10, 1935.

Rehearing Denied March 5, 1936.

George M. Morris and Frederick L. Pearce, both of Washington, D. C. (Morris, KixMiller & Baar, of Washington, D. C., of counsel), for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Louise Foster, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This tax case involves the ascertainment of the fair market value of the "Red Seal Lye" brand on March 1, 1913. The larger such value had in 1913, the smaller the profit of the taxpayer in 1927. The Tax Board—differing from the Commissioner, who fixed a much larger value— found the value to be $525,000, in that regard saying: "After careful consideration of all the evidence, statistical and narrative, and utilizing such aids as we deem appropriate and useful, we have arrived at the figure of $525,000 as the value of the intangibles on March 1, 1913. This figure will be used in computing the deficiencies of all the petitioners."

On the hearing by the Tax Board, no evidence was introduced by the government. The taxpayers called five experienced witnesses, who testified the value was from nine to ten hundred thousand dollars. We have searched the record and find no evidence whatever to support the Board's value of five hundred and twenty-five thousand. Such being the case, the Board's finding must be set aside as unwarranted and the determination of the Commissioner approved.

As to the refusal of the Board to allow as a reduction on the taxpayers' income of 1927 the alleged loss growing out of the contract of P. C. Tomson & Co., Inc., with the Diamond Alkali Company, we find no error. Assuming a loss was incurred such as warranted a reduction in income, it is clear that no such loss was incurred before 1931, when the settlement between the companies was made. We find no error in the Board's refusal to allow such alleged loss in the income tax

of 1927. See Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010.

On Rehearing.

Recognizing that the court made a mistake in stating the particulars alleged to be erroneous, to wit, the words "who fixed a much larger value," and holding "the determination of the Commissioner approved," we restate the opinion, omitting the part complained of. But, as this does not lead us to any change in the conclusion we reached, the petition for rehearing is denied.